FILED

**N O T   F O R   P U B L I C A T I O N**

07 AUG 15 PM 3: 12

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

CLERK, U.S. BANKRUPTCY COURT
EASTERN DIST. OF CA.
SACRAMENTO, CA.

|  |  |
|---|---|
| In re | Case No. 07-21945-A-13G |
| SUDHAKER RAJENDER, | Docket Control No. CLH-1 |
| Debtor. | Date: August 13, 2007<br>Time: 9:00 a.m. |

**MEMORANDUM**

The motion of debtor Sudhaker Rajender to confirm a chapter 13 plan will be denied and the objection of the trustee will be sustained.

According to Form 22C, the debtor has monthly projected disposable income of $324.37 and, because the debtor's annualized current monthly income exceeds median state income, the debtor's applicable commitment period is 5 years. As noted by the trustee, this income would permit the debtor to pay a dividend of 8.6% to holders of Class 7 unsecured claims. The plan provides a dividend of only 3%. Because the trustee has raised the objection, because the debtor's plan will not pay unsecured creditors in full, the plan must pay all projected disposable income to unsecured creditors. See In re Alexander, 344 B.R. 742, 749-50 (Bankr. E.D.N.C. 2006). See also In re Barr, 341 B.R. 181 (Bankr. M.D.N.C. 2006); In re Rotunda, 349 B.R. 324

(Bankr. N.D.N.Y. 2006); In re Trammers, 355 B.R. 234 (Bankr. D.
Mont. 2006); In re Hanks, 362 B.R. 494 (Bankr. D. Utah 2007); In
re Miller, 361 B.R. 224 (Bankr. N.D. Ala. 2007); In re Lawson,
361 B.R. 215 (Bankr. D. Utah 2007); In re Brady, 361 B.R. 765
(Bankr. D.N.J. 2007); In re Kolb, 2007 WL 219951 (Bankr. S.D.
Ohio March 30, 2007). Because the proposed plan fails to pay all
projected disposable income to unsecured creditors, it cannot be
confirmed.

While the debtor argues that he neglected to include a
1/60th of a $13,616.76 priority claim on Line 49 of Form 22C, he
has never amended Form 22C to include such a claim. Further, the
debtor has not explained whether in fact he owes such a claim.
For instance, is this an estimated claim for income taxes because
the debtor failed to file a return? Does the debtor agree or
disagree that he owes the tax estimated by the IRS? Until Form
22C is amended, and without such an explanation, the court will
not permit the debtor to file yet another statement under penalty
of perjury that contradicts an earlier statement under penalty of
perjury.

Even if the priority claim is included in the Form 22C
calculations, the debtor has claimed expenses in excess of what
is permitted by the relevant IRS Standards.

The debtor has claimed additional expenses for food and
utilities on Line 26. There are three problems with this claim
for additional expenses.

For one thing, Line 26 is limited to housing expenses. The
debtor has included housing and food expenses.

///

-2-

For another, Line 26 is not on Form 22C to permit a debtor to claim additional housing related expenses. Line 26, like Line 21, the corresponding line on the chapter 7 variant of the Statement of Current Monthly Income, Form 22A, does not invite debtors to increase their housing and/or utility expenses simply because they have higher expenses than allowed by the IRS Local Standard for housing.

Line 26 allows debtors only to contest how the U.S. Trustee has divided the Local Standard for housing between the mortgage/rent and nonmortgage/nonrent expense categories. That is, the IRS permits a taxpayer with delinquent taxes to pay one aggregate amount for both mortgage/rent and nonmortgage/nonrent expenses. The IRS does not break down this aggregate amount into the two categories. Indeed, the IRS's Internet site, www.irs.gov/businesses/small/article/0,,id=104696,00.html, gives the following cautionary note:

> **Disclaimer:** *IRS Allowable Expenses are intended for use in calculating repayment of delinquent taxes. Expense information for use in bankruptcy calculations can be found on the website for the U.S. Trustee Program.*

The U.S. Trustee has divided the aggregate amount set by the IRS into the two categories, mortgage/rent and nonmortgage/nonrent. Line 26 allows the debtor to argue that the U.S. Trustee's allocation is not appropriate for any reason. However, the aggregate amount claimed may not exceed the amount specified in the Local Standard for housing.

Here, the debtor has increased his nonmortgage/nonrent expense beyond what is permitted by the Local Standard for housing as interpreted by the U.S. Trustee. On January 31, 2007,

the IRS allowed a total housing expense of $1,310 per month for a
household of one in San Joaquin County.  The U.S. Trustee has
broken this number down and permits $336 for nonmortgage/nonrent
expenses and $974 for mortgage/rent expenses, a total of $1,310.

The debtor is attempting to claim more than a total of
$1,310.  He is claiming $336 for nonmortgage/nonrent expenses
(utilities, etc.), the $974 allowed rent expense, and an
additional $825 for utilities and food.  The additional amount is
not segregated further between utilities and food.  Nonetheless,
it is clear that the debtor is not claiming a total of $1,310 and
reallocating that total amount between the mortgage/rent and
nonmortgage/nonrent categories.  The debtor is limited to a total
of $1,310, plus any additional home energy expenses that can be
claimed on Line 42.

Lines 42 and 44 invite debtors to claim additional home
energy expenses beyond what the allowance for nonmortgage/nonrent
expenses permits for utilities and additional food expenses.  The
debtor in this case has claimed nothing on Lines 42 and 44, and
the court cannot even guess what might be claimed because the
amount on Line 26 is a single amount comprised of both utilities
and food expenses.

Finally, whatever additional amounts the debtor might claim
for food and utilities, the debtor has not met the burdens
imposed by 11 U.S.C. § 707(b)(2)(A).  As to the additional food
expenses, the debtor is limited to an additional 5% of what the
IRS National Standard would allow.  See 11 U.S.C. §§
707(b)(2)(A)(ii); 1325(b)(3).  This is 5% of $483, or just
$24.15.  The debtor has not quantified how much additional food

-4-

expense he has each month or established that it is no more than $24.15.

Also, in order to claim additional utility expenses, the debtor must "provide[] documentation of such actual expenses and demonstrate[] that such actual expenses are reasonable and necessary." See 11 U.S.C. § 707(b)(2)(A)(ii)(V). The debtor has not provided a specific number for the additional utility expense nor has he provided any documentation.

Nor may the additional food or utility expenses be claimed under IRS's allowance for "other necessary expenses." Such expenses may include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor and the debtor's spouse and dependents. See 11 U.S.C. § 707(b)(2)(A)(ii)(I). Generally speaking, this category is not used to supplement what is permitted under the IRS National and Local Standards. See Internal Revenue Manual at § 5.15.1.10., found at www.irs.gov/irm/part5/ch15s01.html. Other necessary expenses may include state and federal income, self-employment, social security, and Medicare taxes; dental, vision, long-term care, and life insurance; childcare expenses; court ordered payments such as spousal and child support payments; mandatory payroll deductions for such things as uniforms, pension contributions, and union dues; and business expenses. See Lines 30-37 of Official Form 22C.

Finally, while the court accepts the debtor's explanation as to his withholding for taxes, even his explanation shows that Form 22C over-withholds for taxes by $58.06. This sum must be added to his projected disposable income.

1     For these reasons, the trustee's objection to confirmation

2  of the proposed chapter 13 plan will be sustained.  The plan does

3  not provide either payment in full of unsecured claims or payment

4  to unsecured creditors of all of the debtor's projected

5  disposable income for the plan's applicable commitment period.

6     A separate order denying confirmation of the plan will be

7  entered.

8  Dated: *15 Aug. 2007*

9                             By the Court

10

11                             _____

12                             Michael S. McManus, Chief Judge
                                       United States Bankruptcy Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

1

**CERTIFICATE OF MAILING**

2          I, Susan C. Cox, in the performance of my duties as a

3     judicial assistant to the Honorable Michael S. McManus, mailed by

4     ordinary mail to each of the parties named below a true copy of

5     the attached document.

6     Charles Hastings
      4568 Feather River Dr #A
7     Stockton, CA 95219

8     Sudhakar Rajender
      10106 Berryessa Dr
9     Stockton, CA 95219

10    Russell Greer
      PO Box 3051
11    Modesto, CA 95353-3051

12    Office of the U.S. Trustee
      Robert T Matsui United States Courthouse
13    501 I Street, Room 7-500
      Sacramento, CA 95814

14

15    Dated: August /5, 2007

16

17                              _Susan C. Cox_
                                Susan C. Cox
18                              Judicial Assistant to Judge McManus

19

20

21

22

23

24

25

26

27

28